UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-CIV-61615-SEITZ/O'SULLIVAN

TIM NICHOLSON, et al.,
    Plaintiffs,
v.

JOHN DOE(S),

    Defendant(s).
_____/

## ORDER

THIS MATTER is before the Court on the Plaintiffs' Motion to Compel Discovery (DE # 11, 10/7/10) and Advanced Cable Communications' Objection to Subpoena Duces Tecum (DE # 10, 10/6/10). Having reviewed the applicable filings and law, it is

ORDERED AND ADJUDGED that the Plaintiffs' Motion to Compel Discovery (DE # 11, 10/7/10) is GRANTED. It is further

ORDERED AND ADJUDGED that Advanced Cable Communications' Objection to Subpoena Duces Tecum (DE # 10, 10/6/10), which the Court will consider a Motion to Sustain Objections, is DENIED.

Advanced Cable Communications objects to the subpoena duces tecum from the plaintiffs on the grounds that it is prohibited from providing the information sought under 47 U.S.C. § 551, the Cable Communications Act. 47 U.S.C. § 551 prohibits the disclosure of personally identifiable information concerning any subscriber without consent from the subscriber. The plaintiffs argue that the Cable Communications Act does not apply in this case because Advanced Cable Communications was providing internet service, not cable service.

The undersigned finds that because what is at issue here is not cable service,

but internet service being provided by a cable company, the Cable Communications Act does not apply.  See <u>Klimas v. Comcast Cable Communications, Inc.</u>, 465 F.3d 271, 276 (6th Cir. 2007).  Advanced Cable Communications shall respond to the subject subpoena duces tecum subject to procedures similar to those called for in <u>Kimberlite Corp. v. John Does</u>, 2008 WL 2264485 (N.D. Cal June 2, 2008), and set forth below.

    1. The plaintiff shall serve a copy of this Order on Advanced Cable Communications, which, in turn shall serve copies of this Order and the subpoena on all affected subscribers, within seven calendar days of the date of service on Advanced Cable Communications.

    2. Any affected subscribers shall then have fifteen calendar days, calculated from the date of service upon them, in which to file a motion to quash with this Court.

    3. If no motions to quash are received within the fifteen-day period, then Advanced Cable Communications shall provide the plaintiff with the information requested by the September 24, 2010, subpoena duces tecum.  Advanced Cable Communications shall comply with this Order within seven calendar days following the expiration of the fifteen-day period discussed above.

**DONE AND ORDERED** in Chambers at Miami, Florida this 18th day of November, 2010.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Seitz
All counsel of record