UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-CIV-61615-SEITZ/O'SULLIVAN

TIM NICHOLSON, et al.,
    Plaintiffs,
v.

JOHN DOE(S),

    Defendant(s).
_____/

### ORDER

THIS MATTER is before the Court on Advanced Cable Communications' Motion for Rehearing (DE # 17, 11/24/10). On October 7, 2010, the plaintiff filed the Plaintiffs' Motion to Compel Discovery (DE # 11, 10/7/10) and on October 6, 2010, Advanced Cable Communications filed Advanced Cable Communications' Objection to Subpoena Duces Tecum (DE # 10, 10/6/10). In an Order dated November 18, 2010, (DE # 16), the undersigned granted the Plaintiffs' Motion to Compel Discovery (DE # 11, 10/7/10) and denied Advanced Cable Communications' Objection to Subpoena Duces Tecum (DE # 10, 10/6/10), (which the Court considered a Motion to Sustain Objections).

In the Motion to Sustain Objections, Advanced Cable Communications objected to the subpoena duces tecum from the plaintiffs on the grounds that it is prohibited from providing the information sought under 47 U.S.C. § 551, the Cable Communications Act. 47 U.S.C. § 551 prohibits the disclosure of personally identifiable information concerning any subscriber without consent from the subscriber. In Advanced Cable Communications' Memorandum of Law in Opposition to Plaintiffs' Motion to Compel Discovery (DE # 12, 10/18/10), Advanced Cable Communications provided the

definition of "other service" contained in 47 U.S.C. § 551(a)(2)(B) which provides:

> (a) Notice to subscriber regarding personally identifiable information; definitions
>
> **(2)** For purposes of this section, other than subsection (h) of this section--
>
> **(B)** the term "other service" includes any wire or radio communications service provided using any of the facilities of a cable operator that are used in the provision of cable service

Advanced Cable Communications did not provide the definition of wire communication in the Memorandum of Law in Opposition to Plaintiffs' Motion to Compel Discovery. The plaintiffs argued that the Cable Communications Act does not apply in this case because Advanced Cable Communications was providing internet service, not cable service.

Under Klimas v. Comcast Cable Communications, Inc., 465 F.3d 271, 276 (6th Cir. 2007), the undersigned found that because what was at issue was not cable service, but internet service being provided by a cable company, the Cable Communications Act did not apply. The undersigned ordered Advanced Cable Communications to respond to the subject subpoena duces tecum subject to procedures similar to those called for in Kimberlite Corp. v. John Does, 2008 WL 2264485 (N.D. Cal June 2, 2008). The undersigned set forth those procedures in the Order, and those procedures are outlined below.

> 1. The plaintiff shall serve a copy of this Order on Advanced Cable Communications, which, in turn shall serve copies of this Order and the subpoena on all affected subscribers, within seven calendar days of the date of service on Advanced Cable Communications.

>2. Any affected subscribers shall then have fifteen calendar days, calculated from the date of service upon them, in which to file a motion to quash with this Court.

>3. If no motions to quash are received within the fifteen-day period, then Advanced Cable Communications shall provide the plaintiff with the information requested by the September 24, 2010, subpoena duces tecum.  Advanced Cable Communications shall comply with this Order within seven calendar days following the expiration of the fifteen-day period discussed above.

Under Fed.R.Civ.P. 60, a motion for reconsideration is appropriate if there is:

>**(1)** mistake, inadvertence, surprise, or excusable neglect;

>**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

>**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

>**(4)** the judgment is void;

>**(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

>**(6)** any other reason that justifies relief.

Fed.R.Civ.P. 60(b).

Normally, this matter would not qualify for a reconsideration, but based on the fact that the issue at hand is now clear, and judicial economy dictates that it would be an inefficient use of time to deny the Motion for Rehearing, requiring the movant to file

objections with the District Court, the undersigned will grant the Motion for Rehearing and reconsider his prior ruling.  Accordingly, having reviewed the applicable filings and law relating to Advanced Cable Communications' Motion for Rehearing (DE # 17, 11/24/10), it is

ORDERED AND ADJUDGED Advanced Cable Communications' Motion for Rehearing (DE # 17, 11/24/10) is GRANTED in accordance with this Order.

Advanced Cable Communications argues in the Motion for Rehearing that 47 U.S.C. § 551(a)(2)(B) provides that "the term 'other service' includes any wire or radio communications service provided using any of the facilities of a cable operator that are used in the provision of cable service".  47 U.S.C. § 551(a)(2)(B).  Advanced Cable Communications states in the Motion for Rehearing that because "access to the Internet service provided by Advanced Cable is accomplished using 'the facilities . . . that are used in the provision of cable service', Advanced Cable's Internet service should, *only for the purposes* of this Section of the Cable Communications Act, be considered an 'other service'."  Advanced Cable Communications' Motion for Rehearing (DE# 17 at p.3).

In the initial response on this issue, Advanced Cable Communications provided the definition of "other service" under 47 U.S.C. § 551.  Advanced Cable Communications argued that the service at issue here should be considered "other service", but did not go as far as to define wire or radio communications.  In the previous Order, the undersigned found that because internet service was being provided here, and other Courts had spoken as to the issue of internet service being provided by cable operators, the undersigned found that the Cable Communications Act

did not apply. After receiving the Motion for Rehearing in this matter, the undersigned investigated the definition of wire communication under 47 U.S.C. § 153, and now being armed with the definition of wire communication, the undersigned finds that the service provided by Advanced Cable Communications does constitute "other service" under the Cable Communications Act. 47 U.S.C. § 153(59) defines wire communication. 47 U.S.C. §153(59) provides as follows:

> The term "wire communication" or "communication by wire" means the transmission of writing, signs, signals, pictures, and sounds of all kinds by aid of wire, cable, or other like connection between the points of origin and reception of such transmission, including all instrumentalities, facilities, apparatus, and services (among other things, the receipt, forwarding, and delivery of communications) incidental to such transmission.

The undersigned finds that Advanced Cable's Internet service is an "other service", and the Cable Communications Act does apply. Accordingly, Advanced Cable Communications is not required to respond to the subject subpoena duces tecum.

**DONE AND ORDERED** in Chambers at Miami, Florida this 13th day of January, 2011.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Seitz
All counsel of record